1   JOSHUA E. KIRSCH (179110)
    GIBSON ROBB & LINDH LLP
2   201 Mission Street, Suite 2700
    San Francisco, California  94105
3   Telephone:  (415) 348-6000
    Facsimile:   (415) 348-6001
4   Email: jkirsch@gibsonrobb.com

5   Attorneys for Plaintiffs
    ZEBRA TECHNOLOGIES CORPORATION and
6   AFFILIATED FM INSURANCE COMPANY

7

8                 UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10

11  ZEBRA TECHNOLOGIES                    )   Case No.
    CORPORATION, a corporation; and       )
    AFFILIATED FM INSURANCE               )   **COMPLAINT FOR NON-**
12  COMPANY, a corporation;               )   **DELIVERY OF OCEAN CARGO**
                                          )
13             Plaintiffs,                )
                                          )   (Damages in the sum of $99,903.94)
14                                        )
          v.                             )
15                                        )
                                          )
16  EXPEDITORS INTERNATIONAL              )
    OCEAN, INC., a corporation;           )
17  EXPEDITORS INTERNATIONAL              )
    OF WASHINGTON, INC., a                )
18  corporation; CHINA SHIPPING           )
    (NORTH AMERICA) AGENCY                )
19  CO., INC., a corporation; CHINA       )
    SHIPPING CONTAINER LINES              )
20  CO., LTD., an entity of unknown       )
    form; and DOES ONE through TEN,       )
21                                        )
               Defendants.                )
22                                        )

23

24      Plaintiffs' complaint follows:

25          1.      Plaintiffs ZEBRA TECHNOLOGIES CORPORATION ("ZEBRA");

26  and AFFILIATED FM INSURANCE COMPANY ("AFFILIATED"), are now,

27  and at all times herein material were, corporations duly organized and existing by

28  virtue of law.  Plaintiff ZEBRA is a citizen of Illinois and was the owner of the

1  hereinafter described shipment. Plaintiff AFFILIATED is a citizen of the state of

2  Rhode Island and was the insurer of said shipment.

3       2.    Plaintiffs are informed and believe and on the basis of that

4  information and belief allege that EXPEDITORS INTERNATIONAL OCEAN,

5  INC., a corporation, and EXPEDITORS INTERNATIONAL OF WASHINGTON,

6  INC., a corporation (collectively "EXPEDITORS"), are citizens of the state of

7  Washington; CHINA SHIPPING (NORTH AMERICA) AGENCY CO., INC., is a

8  corporation and citizen of the state of New Jersey and CHINA SHIPPING

9  CONTAINER LINES CO., LTD., an entity of unknown form, (collectively

10  "CSCL"); and DOES ONE through TEN are now and at all times herein material

11  were engaged in business as a common carriers for hire within the United States

12  and within this judicial district.

13       3.    The true names of defendants sued herein as DOES ONE through

14  TEN, each of whom is responsible for the events and matters herein referred to,

15  and each of whom caused or contributed to the damage herein complained of, are

16  unknown to plaintiffs, who therefore sue said defendants by such fictitious names.

17  Plaintiffs will amend their complaint to show the true names of said defendants

18  when the same have been ascertained.

19       4.    Plaintiffs' complaint contains a cause of action for damage to cargo

20  arising under a statute of the United States, namely the Carriage of Goods by Sea

21  Act, 46 U.S.C. §30701 et seq., and is therefore within the jurisdiction of this Court

22  pursuant to 28 U.S.C. § 1331, as more fully appears herein.  Additionally, the

23  Court has admiralty jurisdiction pursuant to 28 U.S.C. § 1333.  Venue is proper

24  under 28 U.S.C. § 1391(b).

25       5.    This is a cause of action for damage to ocean cargo, and is an

26  admiralty and maritime claim within the meaning of Rule 9(h), Federal Rules of

27  Civil Procedure, as hereinafter more fully appears.

28  ///

# FIRST CAUSE OF ACTION

## Breach of Contract

6.     Plaintiffs are informed and believe and on the basis of such information and belief allege that on or about March 17, 2014, at Yantian, China, defendants EXPEDITORS, CSCL, and DOES ONE through TEN, and each of them, received a shipment of copiers and copier accessories, in containers CCLU689095/8 and CCLU494484/4, and others, with seal numbers U154622 and U146170, and others, for carriage under house bills of lading numbers 61X8004323 and 61X8004318, and others, issued by and/or on behalf of said defendants.  EXPEDITORS, CSCL, and  DOES ONE through TEN, and each of them, agreed, under contracts of carriage and in return for good and valuable consideration, to carry said cargo from Yantian, China, to Vernon Hills, Illinois, via Los Angeles, California, and there deliver said cargo to the lawful holder of the aforementioned bills of lading, and others, in the same good order, condition, and quantity as when received.

7.     Thereafter, in breach of and in violation of said agreements, EXPEDITORS, CSCL, and DOES ONE through TEN, and each of them, did not deliver said cargo in the same good order, condition, and quantity as when received in China.  To the contrary, when the containers arrived in Illinois, the original shipper's seals were not affixed to the containers and a total 1,112 printers/copiers were missing. The value of the non-delivered copiers was $99,903.94.

8.     Prior to the shipment of the herein described cargo and prior to any loss thereto, plaintiff AFFILIATED issued its policy of insurance whereby plaintiff AFFILIATED agreed to indemnify ZEBRA, and its assigns, against loss of or damage to said cargo while in transit, including mitigation expenses, and plaintiff AFFILIATED has therefore become obligated to pay, and has paid to the person entitled to payment under said policy the sum of $94,903.94, on account of

1  the herein described loss after the application of ZEBRA's $5,000.00 deductible

2  interest.

3      9.      Plaintiffs have therefore been damaged in the sum of $99,903.94, or

4  another amount according to proof at trial, no part of which has been paid, despite

5  demand therefor.

6      WHEREFORE, plaintiffs pray relief as hereinafter set forth.

7                    SECOND CAUSE OF ACTION

8                          Bailment

9      10.     Plaintiffs reallege and incorporate herein with like force and effect as

10  though set forth fully each and every allegation of paragraphs 1 through 9 set forth

11  above.

12      11.     Plaintiffs are informed and believe, and on the basis of such

13  information and belief allege that, on or about March 17, 2014, defendants

14  EXPEDITORS, CSCL, and DOES ONE through TEN, and each of them, received

15  a shipment of copiers and copier accessories, in containers CCLU689095/8 and

16  CCLU494484/4, with seal numbers U154622 and U146170, for carriage under

17  house bills of lading numbers 61X8004323 and 61X8004318, and others, in good

18  order and condition.  Said defendants agreed, as bailees and/or warehousemen for

19  hire, to safely care for and store said copiers and copier accessories, and deliver

20  said copiers and copier accessories in like good order, quantity, and condition to

21  the person entitled to receive such goods.

22      12.     In breach of said bailment agreements, defendants EXPEDITORS,

23  CSCL, and DOES ONE through TEN, and each of them, failed to safely deliver

24  said copiers and copier accessories. To the contrary, said defendants, and each of

25  them, failed to deliver 1,112 printers/copiers. The value of the non-delivered

26  copiers was $99,903.94.

27      13.     Prior to the shipment of the herein described cargo and prior to any

28  loss thereto, plaintiff AFFILIATED issued its policy of insurance whereby

1   plaintiff AFFILIATED agreed to indemnify ZEBRA, and its assigns, against loss

2   of or damage to said cargo while in transit, including mitigation expenses, and

3   plaintiff AFFILIATED has therefore become obligated to pay, and has paid to the

4   person entitled to payment under said policy the sum of $94,903.94, on account of

5   the herein described loss after the application of ZEBRA's $5,000.00 deductible

6   interest.

7        14.    Plaintiffs have therefore been damaged in the sum of $99,903.94, or

8   another amount according to proof at trial, no part of which has been paid, despite

9   demand therefor.

10       WHEREFORE, plaintiffs pray relief as hereinafter set forth.

11                        THIRD CAUSE OF ACTION

12                              Negligence

13       15.    Plaintiffs reallege and reincorporate each and every allegation

14   contained within paragraphs 1 through 14 set forth above.

15       16.    Plaintiffs are informed and believe and on the basis of such

16   information and belief allege that, on or about March 17, 2014, defendants

17   EXPEDITORS, CSCL, and DOES ONE through TEN, and each of them, received

18   a shipment of copiers and copier accessories, in containers CCLU689095/8 and

19   CCLU494484/4, with seal numbers U154622 and U146170, for carriage under

20   house bills of lading numbers 61X8004323 and 61X8004318, in good order and

21   condition.

22       17.    Defendants owed ZEBRA, the owner of the copiers and copier

23   accessories, a duty of reasonable care with respect to the shipment of copiers and

24   copier accessories, but breached their duty of care.  Defendants' negligence

25   includes, but is not limited to, failing to properly store, protect, safeguard, and care

26   for the shipment, among other acts and omissions. As a direct result of the breach,

27   1,112 printers/copiers were never delivered.

28       18.    As a direct result of defendants' negligence, ZEBRA suffered

1  foreseeable damages which were indemnified by AFFILIATED under its

2  insurance policy.

3       19.   Prior to the shipment of the herein described cargo and prior to any

4  loss thereto, plaintiff AFFILIATED issued its policy of insurance whereby

5  plaintiff AFFILIATED agreed to indemnify ZEBRA, and its assigns, against loss

6  of or damage to said cargo while in transit, including mitigation expenses, and

7  plaintiff AFFILIATED has therefore become obligated to pay, and has paid to the

8  person entitled to payment under said policy the sum of $94,903.94, on account of

9  the herein described loss after the application of ZEBRA's $5,000.00 deductible

10  interest.

11       20.   Plaintiffs have therefore been damaged in the sum of $99,903.94, or

12  another amount according to proof at trial, no part of which has been paid, despite

13  demand therefor.

14       WHEREFORE, plaintiffs pray that this Court enter judgment in their favor

15  and against defendants; that this Court decree payment by defendants to plaintiffs

16  in the sum of $99,903.94, together with prejudgment interest thereon and costs of

17  suit herein; and that plaintiffs have such other and further relief as in law and

18  justice they may be entitled to receive.

19  Dated: July 2, 2015                    Respectfully submitted,

20                                          GIBSON ROBB & LINDH LLP

21

22                                          By:

23                                              Joshua E. Kirsch
                                                Attorneys for Plaintiffs
24                                              ZEBRA TECHNOLOGIES
                                                CORPORATION and
25                                              AFFILIATED FM INSURANCE
                                                COMPANY

26

27

28